PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID C. LETTIERI, | ) | |
| | ) | CASE NO.  4:23CV2202 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| FEDERAL MARSHALS, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | **AND ORDER** |

## I.  Background

*Pro se* Plaintiff David C. Lettieri was a federal pretrial detainee in the custody of the United States Marshals Service ("USMS") at the time the events described in the Complaint (ECF No. 1) took place.  He brings this *Bivens*[1] action against "Federal Marshals."  The Complaint (ECF No. 1) is almost completely devoid of facts.  In the statement of his claim, Plaintiff alleges that he was transferred "for no reason" on June 16, 2023.  ECF No. 1 at PageID #: 18.  He appears to claim this transfer violated his due process rights.  *See* ECF No. 1 at PageID #: 16-17.  Plaintiff seeks $10,000 in damages.

## II.  Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

(4:23CV2202)

claim upon which relief may be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008).

2

(4:23CV2202)

However, the "lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Fed. R. Civ. P. 8, the complaint must give the defendant fair notice of what the plaintiff's legal claims are and the factual grounds on which they rest. *Id.*

### III.  Law and Analysis

The Complaint (ECF No. 1), even liberally construed, fails to meet the most basic pleading standard under Rule 8. The Complaint (ECF No. 1) fails to connect any alleged occurrence to any specific cognizable injury, and Plaintiff fails coherently to identify how Defendant has harmed him. The pleading is nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Therefore, the Complaint (ECF No. 1) lacks an arguable basis in fact, and it fails to state a claim on which the Court may grant relief.

Even if Plaintiff had satisfied Rule 8, he fails to state a plausible *Bivens* claim. *Bivens* provides a limited cause of action against individual federal government officers acting under color of federal law alleged to have acted unconstitutionally. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001). *Bivens*' purpose is to deter individual federal officers, not the agency, from committing constitutional violations. *Id.*; *see FDIC v. Meyer*, 510 U.S. 471, 485-86 (1994)

(4:23CV2202)

("[T]he purpose of *Bivens* is to deter *the officer*. . . .  An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself.") (italics in original).  A *Bivens* action therefore cannot be brought against a federal government agency such as the USMS.  *Lenhart v. Savetski*, No. 1:21CV0611, 2021 WL 2400946, at *3 (N.D. Ohio June 11, 2021).

## IV.  Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

The Clerk is directed to issue a copy of this Memorandum of Opinion and Order by regular mail to David C. Lettieri, Niagara County Jail, 5526 Niagara Street Ext, Lockport, NY 14095.

IT IS SO ORDERED.

__November 30, 2023__                    __/s/ Benita Y. Pearson__
Date                                     Benita Y. Pearson
                                         United States District Judge

4